STOKER, Judge.
This is a suit for rescission of a contract of sale between Bobby Miller and Felix A. DeJean, III. Appellant, Mary Dugas Miller, sues for the rescission as representative of Bobby Miller’s children. The grounds are lesion beyond moiety, lack of consideration, and fraud. This action was originally an incidental demand, but was severed at the trial of the main demand and tried separately. The trial court rejected the demands of the appellant, and she appeals. Being of the opinion that the district court correctly rendered judgment for the appel-lee, we affirm.
BACKGROUND FACTS
Mary Miller’s husband, Bobby G. Miller, transferred to Felix A. DeJean, III, all of his interest in and to immovable property, for a price of $8,000. Although the written act of sale did not say so, it was established at trial that Bobby Miller’s interest in the property was Vfe of the land described therein, and VÍ2 of a house situated somewhere on the property.
LESION BEYOND MOIETY
The evidence adduced at the trial court does not support appellant’s lesion beyond moiety contention. In a letter to the involved attorneys which was indexed in the record as “written reasons”, the trial court states the value of Miller’s interest was $11,000 to $12,000. Although no explanation is given for these figures, the testimony at trial by two real estate appraisers shows that the $8,000 price of the sale was not a consideration of less than 50% of the *456 value of the property at the time of the sale.
Mr. Babineaux, a real estate appraiser well known to the trial court, testified that the value of the 49.35 acres was $74,-025, which reflects a value per acre of $1,500. The $1,500 per acre was described by Mr. Babineaux as being the “lower limit” of the value range of this piece of property. He appraised the property at an “upper limit” of $2,000 per acre. In their briefs, counsel for both sides appear to accept the lower figure of $1,500 as properly used by Mr. Babineaux in arriving at the total value of the acreage. The value of the house was appraised by Mr. Babineaux at $28,944.
The other appraiser, Mr. Dunbar, concurred with Mr. Babineaux’s appraisal of $1,500 per acre for the land, although he appraised 47.87 acres instead of 49.35. Mr. Dunbar also said the house was worth only $13,000 at the time of the sale.
A sale may be rescinded by the vendor “[i]f the vendor has been aggrieved for more than half the value of an immovable estate by him sold . .. ”. LSA-C.C. art. 2589. It is clear that, irrespective of which appraiser’s evaluation is used, the $8,000 price of the sale is more than half of the total of Bobby Miller’s Ve interest in the land and V12 interest in the house. This is even more evident when it is considered that the Miller-DeJean sale was made subsequent to a judgment taken by Mary Miller against Bobby Miller and filed in the appropriate mortgage records. This created a judicial mortgage of over $6,000 against the property. Mr. DeJean testified that he was aware of this incumbrance and knowingly took the property interest subject to the mortgage. The value of the property at the time of the sale was therefore diminished by the amount of the judicial mortgage. Thus, appellant’s demands for rescission on the basis of lesion beyond moiety cannot be upheld.
LACK OF CONSIDERATION
Appellant makes the allegation in his petition for reconvention, but not clearly in his brief, that no consideration was in fact paid, and alternatively, that the consideration was insufficient. We reject both contentions.
The act of sale states that the $8,000 price was “cash in hand paid”. The appel-lee, Mr. DeJean, testified at trial that no payment in cash was in fact made. However, it is uncontested that Mr. DeJean represented Bobby Miller on more than one occasion in defense of serious criminal charges, of which Bobby Miller was acquitted. Mr. DeJean testified that his fee, agreed to by Bobby Miller before the completion of representation, was the $8,000 price in the contract of sale. Thus, there was a consideration for the transfer of the immovables.
In response to allegations in appellant’s reconventional demand that the fee consideration was insufficient, appellee produced at trial Mr. Robert DeJean who testified as an expert on legal fees in criminal cases. There was no objection to this testimony from the appellant. Robert DeJean testified that $8,000 is not an unreasonable fee for legal services rendered under circumstances similar to the ones facing Bobby Miller. It is noted that the appellant produced no witness to rebut this testimony. Appellant has failed to prove a lack of consideration to support the contract.
FRAUD
Appellant vaguely referred to fraud at trial and in his brief. Any such contention is unfounded. The trial court found no evidence of fraud nor do we.
DECREE
As we previously mentioned, appellant’s action was originally a reconventional demand. As a result of the disposition of the main demand and various third party demands, judgment was entered for Felix De-Jean granting him a credit of $750 against the recorded judicial mortgage of Mary Miller which had attached to the subject property. Mary Miller has made no issue as to this portion of the trial court’s judgment, *457 and we find no error in the trial court’s action in this regard.
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed to the appellant.
AFFIRMED.